## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LISA DURAN,

        Plaintiff(s),

v.

MAGGIANO'S HOLDING CORPORATION dba MAGGIANO'S LITTLE ITALY, et al.,

        Defendant(s).

2:12-CV-1479 JCM (VCF)

### ORDER

Presently before the court is plaintiff Lisa Duran's motion to remand. (Doc. # 9). Defendant, Maggiano's Holding Corp., filed an opposition. (Doc. # 11). Plaintiff did not file a reply. Also before the court is defendant's motion to strike. (Doc. # 4). Plaintiff filed a non-opposition. (Doc. # 10).[1]

**I.    Factual Background and Procedural History**

On or about October 6, 2011, plaintiff was a patron at defendant's dining establishment. (Doc. # 16, 3:25-27). While on said property, plaintiff alleges that she slipped and fell "as a result of a greasy substance on the floor," which was caused by defendant's negligence. (Doc. 16, 4:1-9). . . .

. . .

. . .

---

[1] The court denies defendant's motion to strike as moot because plaintiff voluntarily removed the claims in question in her second amended complaint. (Doc. # 16).

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed an initial action against defendant in state court on April 20, 2012, and served the initial complaint on June 5, 2012. (Doc. # 9, 2:8). Defendant contacted plaintiff to request she amend her complaint. (Doc. #9, 2:9-10). Plaintiff agreed and filed the amended complaint on June 20, 2012. (Doc. #9, 2:13-14). Plaintiff mailed defendant the amended complaint on June 29, 2012. (Doc. #9, 2:14).

On August 20, 2012, the instant case was removed to this court from state court. (Doc. # 1). In its petition for removal, defendant invoked this court's subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, by arguing that there is diversity of parties and establishing over $75,000 in controversy. Plaintiff filed the instant motion to remand. Plaintiff argues that remand is proper because removal was untimely and therefore procedurally deficient.

**II.    Discussion**

    A.    Timely removal

Plaintiff argues that the court should remand this matter based on defendant's untimely removal of this action.

        1.    *Legal standard*

Title 28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Further, 28 U.S.C. § 1446(b)(3) states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on

**James C. Mahan**
**U.S. District Judge**

- 2 -

motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In deciding whether removal was proper, courts strictly construe the statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

2.  *Analysis*

Defendant was served with the initial complaint no later than June 5, 2012. (Doc. # 9, 2:8). At the request of defendant, plaintiff then amended her complaint and mailed it to defendant on June 29, 2012. (Doc. #9, 2:14).

Defendant argues that removal is timely pursuant to 28 U.S.C. § 1446 because it has never been properly served with the amended complaint, and therefore cannot be beyond the 30 day limit within which to remove. (Doc. # 11, 2). Defendant also argues that the initial complaint contains "superfluous claims" and contends that it was awaiting proper service of the amended complaint prior to removing to this court. (Doc. # 11, 3-4). Defendant promptly filed for removal when it "became clear that plaintiff may not ever actually serve the first amended complaint." (Doc. # 11, 3-4).

While the court acknowledges that defendant "always had the intention of removing the case to federal court" and attempted to wait for proper service of the first amended complaint, that does not excuse failure to comply with the statute by promptly removing when it was clear the initial complaint was removable.[2] Pursuant to 28 U.S.C. § 1446(b)(3), the court looks to when the face of the complaint evidences removability in order to begin counting down the 30 day deadline following service. 28 U.S.C. § 1446(b)(3).

The initial complaint was served on June 5, 2012. Calculating time pursuant to Federal Rule of Civil Procedure 6, removal would have been timely under 28 U.S.C. § 1446(b)(1) only if

---

[2] Defendant reached out to plaintiff requesting the initial complaint be amended to remove the "superfluous claims," evidencing that defendant expected the initial complaint to contain more claims than the anticipated amended complaint; that is, defendant was not waiting on the amended complaint to qualify the case as removable.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  defendant had filed a petition for removal before July 5, 2012; that is, within 30 days of defendant
2  being served. FED. R. CIV. P. 6(a)(1). Here, defendant filed the petition on August 20, 2012, 46 days
3  past the 30 day deadline.
4      Defendant does not contend that plaintiff's conduct amounted to bad faith, and the court sees
5  no reason to infer this on its own.
6      On this basis, the court finds that defendant failed to satisfy the removability requirement of
7  28 U.S.C. § 1446.

**III.  Conclusion**

9      Based on the untimely removal of this action under 28 U.S.C. § 1446,
10      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Lisa Duran's
11  motion to remand (doc. # 9) be, and the same hereby is, GRANTED.
12      IT IS FURTHER ORDERED that defendant's motion to strike (doc. # 4) be, and the same
13  hereby is, DENIED AS MOOT.
14      DATED November 19, 2012.

                                              UNITED STATES DISTRICT JUDGE